C. J. JORDAN, Appellant, v. MELISSA LONGHENRY.

**Agency:** COMMISSIONS: SALE: CONTRACT: VALIDITY. Where a broker's contract for a commission requires him to effect a sale on terms acceptable to the defendant he can not recover his commission unless the sale is made on such terms. Evidence held to show that no binding contract between the owner and purchaser was made, thus entitling the agent to a commission.

*Appeal from Dallas District Court.*—HON. JAS. D. GAMBLE, Judge.

SATURDAY, DECEMBER 18, 1909.

THIS is an action for an agent's commission for the sale of real estate. At the close of plaintiff's evidence, there was a directed verdict for the defendant, and a judgment entered against plaintiff for costs. Plaintiff appeals. —*Affirmed.*

*R. Nesbitt* and *D. H. Miller,* for appellant.

*White & Clarke,* for appellee.

McCLAIN, J.—The contract on which plaintiff sues for a commission was, as he alleges, to sell defendant's farm, consisting of about seventy acres, at not less than $70 per acre, for which plaintiff was to be paid a commission of $1 per acre, and, in addition thereto, one-half of what he should sell the farm for in excess of $70 per acre. The claim of plaintiff is that he sold the farm for $75 per acre, which would entitle him to a compensation of $245, for which he asks judgment.

Plaintiff's own testimony as a witness tends to show that he procured a prospective purchaser, one Raab, with whom, after a protracted negotiation in which the plaintiff took part, the defendant agreed to a contract of sale, in which it was stipulated that $50 of the purchase price should be paid on the execution of the agreement, and the balance in installments for which notes should be given, and that a deed should be made when final payment of the entire sum should be completed. Whereupon, as it appears, plaintiff undertook to draw up the necessary contract and notes, and procure the signatures of Raab thereto. When plaintiff returned to defendant two or three days later with these instruments duly signed by Raab, he advised defendant that he had not brought the $50 which Raab was to pay, and that the property of Raab had been attached so that he was unable to make such payment, but that he (plaintiff) thought Raab would be able to make the payment in a short time. Thereupon, as plaintiff testified, defendant's husband accepted a note for the cash payment, and the contract was signed by defendant. It does not appear, however, that defendant assented to this arrangement, or that her husband had any authority to bind her by his consent. With reference to the defendant's concurrence in this arrangement, plaintiff, who was the sole witness, stated, that, when he delivered the

papers to Mrs. Longhenry, she said that plaintiff had better hold them until Raab made the $50 payment. We think there was no sufficient evidence to sustain the claim that defendant ever waived the condition that $50 should be paid before the contract went into effect. Plaintiff does not appear to have had any authority to waive this condition, and as he was presenting the contract and notes for defendant's acceptance, and defendant in fact refused to accept them until the fifty dollars was paid, we think clearly no binding contract of sale was made as between Raab and defendant. Plaintiff's contract for a commission required him to effect a sale of the farm on terms to be accepted by the defendant. No such sale was made, and the court properly directed a verdict for defendant.

The judgment is therefore *affirmed*.